Allan J. Willard, Appellant *v.* Board of Commissioners of Lower Moreland Township, Appellee.

Argued October 6, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*J. Peirce Anderson,* with him *Kane, Pugh, Anderson, Subers & McBrien,* for appellant.

*Randolph A. Warden,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 1, 1977:

This is an appeal from an order of the Court of Common Pleas of Montgomery County dismissing a mandamus action against the Board of Commissioners

(Board) of Lower Moreland Township (Township) filed by the plaintiff below, appellant, a township police officer. We affirm.

Appellant has been employed as a Township police officer since April 19, 1969. In June 1974, appellant along with other police officers completed a series of examinations conducted by the Civil Service Commission of the Township to qualify for the position of sergeant. He achieved the highest scores on those tests and on August 12, 1974 the Board by resolution promoted appellant to the rank of sergeant for "a probationary period of one year. . . ." On July 25, 1975, more than two weeks prior to the expiration of the probationary period, the Board by letter notified appellant that it would not endorse his promotion to the rank of sergeant as a permanent position. On August 12, 1975 appellant filed a mandamus action seeking back pay and reinstatement to the rank of sergeant.

The narrow issue for decision in this case is whether Section 640 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55640, regarding probations gives the Township the authority, indeed requires the Township, to make promotions subject to a probationary period. Section 640 of the Code provides:

> All original appointments to any position in the police force . . . shall be for a probationary period of not less than six months and not more than one year. . . . If at the close of a probationary period the conduct or fitness of the probationer has not been satisfactory to the township commissioners, the probationer shall be notified in writing that he will not receive a permanent appointment.

Appellant would urge this Court to adopt the view that the probation period required under Section 640

applies only to the first year of a police officer's employment so that any appointment he would receive to a higher rank could not be subject to a probationary period because the promotion would not be an "original appointment." We believe, however, that appellant's emphasis on these two words to reach his conclusion contravenes the literal meaning of the whole of Section 640. In the first instance, "original appointments" is specifically made applicable to "*any position* in the police force" (emphasis added) rather than simply all original appointments to the police force. It seems clear then that the language "any position" is not mere surplusage but rather was intended to apply to all appointments made within the police force whether they occur from an initial hiring or promotion. This construction is further supported by Section 638 of the Code, 53 P.S. §55638, which provides that the township commissioners shall make appointments for "[e]very position or employment in the police force." The clear import of Section 638 is that each position or rank in the police force is to be filled by a distinct and separate appointment. As such, an appointment applies not only to initial hiring but also to promotions to higher ranks or positions.

It is true, as appellant contends, that strict compliance with the civil service laws is required in order to insure high standards, and that removal or reduction in rank is proper only when these procedures are strictly followed. *Snizaski v. Zaleski*, 410 Pa. 548, 189 A.2d 284 (1963). However, here unlike *Snizaski* or other authority cited by appellant, the Township did adhere strictly to the statutory requirements and specifically made appellant's appointment subject to a probationary period.

Having concluded that the Township had the authority under Section 640 of the Code to condition appellant's appointment to the rank of sergeant subject

to a probationary period we need not consider questions raised by this appeal in regard to the interpretation of sections of the Code relating to promotions and reductions in rank from permanent positions or the propriety of a mandamus action rather than an appeal to the Civil Service Commission.

Accordingly, we will enter the following

ORDER

Now, November 1, 1977, the order of the Court of Common Pleas of Montgomery County, No. 75-12717, dated January 8, 1976, is hereby affirmed.